**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

MICHAEL SHORE, on behalf of himself and all others similarly situated,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A. d/b/a CHASE, and PHELAN HALLINAN DIAMOND & JONES, PLLC,

Defendants.

Case No.:

## CLASS ACTION COMPLAINT

Plaintiff Michael Shore, on behalf of himself and all others similarly situated, alleges breach of contract and violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA"), and Florida Deceptive and Unfair Trade Practices Act § 501.201 *et seq.* ("FDUTPA"), against Defendants JPMORGAN CHASE BANK, N.A. ("Chase") and PHELAN HALLINAN DIAMOND & JONES, PLLC ("Phelan Hallinan") (collectively "Defendants").

1. Hundreds of thousands of homes are in some stage of foreclosure in the United States every month. http://www.corelogic.com/research/foreclosure-report/national-foreclosure-report-january-2015.pdf. Most homeowners facing foreclosure are desperate to keep their homes and are willing to do close to anything to continue living in them with their families. Defendants exploit their desperation by placing them in danger of foreclosure if homeowners do not pay fees

Defendants demand—including fabricated debt characterized as "estimated" fees in the reinstatement amounts.

2.Chase provides loans to mortgagors throughout the United States. If a homeowner defaults on payments, Chase imposes certain conditions on homeowners to avoid foreclosure, including payment of Chase's attendant fees, like attorney's fees. Despite its contractual obligations in its standard form Mortgage Agreements and Notes to only charge actual fees allowed under applicable law, Chase leverages its position of power over homeowners facing foreclosure and demands payment of "estimated" fees not actually owed; that is, fees Chase projects to incur but has not actually incurred.

3.Chase factors these "estimated" fees into its total demand to homeowners and insists they are required to pay the full amount before Chase will reinstate their loans to avoid foreclosure. Phelan Hallinan then turns a profit by acting as a third party debt collector for mortgagees like Chase and by demanding the illegal charges on behalf of Chase. The Eleventh Circuit found that demands for "estimated attorneys' fees" associated with reinstatement of loans violate the FDCPA and FCCPA.

4.Defendants must be held accountable for their actions. Chase and Phelan Hallinan knowingly violated state and federal debt collection statutes by demanding these fictitious fees. Chase also breached its mortgage contract by charging fees not allowed under applicable law.

## JURISDICTION AND VENUE

5.The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

6. The Court has supplemental jurisdiction over the FCCPA, FDUTPA, and breach of contract claims under 28 U.S.C. § 1367 because the basis of the FDCPA federal claim involves the same debt collection practices that form the basis of the state claims.

7. The Court has personal jurisdiction because Defendants do business throughout the United States, including Florida. Further, their voluntary contact with Plaintiff to charge and collect debts in Florida made it foreseeable that Defendants would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

## PARTIES

9. Plaintiff Michael Shore is a natural person who currently resides in this District.

10. Defendant Chase is an association with a principal places of business at 270 Park Avenue, New York, New York 10017. Chase is a national banking association doing business throughout the United States, including Florida, and is a wholly-owned subsidiary of JPMorgan Chase & Co., one of the largest banks in the United States.

11. Defendant Phelan Hallinan is a partnership with a principal place of business at 1617 JFK Boulevard Suite 1400, Philadelphia, Pennsylvania 19103. It is a law firm representing and supporting mortgage bankers in various states throughout the United States. It acts as a third party debt collector for banks, like Chase.

## APPLICABLE LAW

**FDCPA**

12. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

13. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

14. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

15. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

16. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

17. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

18. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

19. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**FCCPA**

20. The Florida Supreme Court liberally construes public protection statutes in favor of the public. *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

21. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. *See generally* Fla. Stat. § 559.72.

22. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

23. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

24. The FCCPA creates a private right of action under Fla. Stat. § 559.77.

25. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 559.55(8).

26. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. *Id.* § 559.72. This language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

27.     The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6).

**FDUPTA**

28.     The FDUTPA is "construed liberally to promote" the protection of consumers and businesses from "unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

29.     The FDUTPA creates a private right of action for FDUTPA violations. *Id.* § 501.211.

30.     The FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, or unfair or deceptive acts or practices in the conduct of any trade or commerce" against consumers. *Id.* § 501.204(1).

31.     The FDUTPA defines "consumer" broadly as an individual, entity, or any group or combination. *Id.* § 501.203(7).

32.     The FDUTPA defines "trade or commerce" as "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." *Id.* § 501.203(8).

33.     Where there is a violation of a statute prohibiting unfair or deceptive acts, a *per se* violation of Florida's FDUTPA has also occurred. *See* Fla. Stat. § 501.203(3) (stating a violation of any law proscribing unfair methods of competition, or unfair, deceptive, or unconscionable acts is also a violation the FDUTPA); *Blair v. Wachovia Mortg. Corp.*, No. 11–cv–566–Oc–

37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) ("[A] *per se* violation of FDUTPA stems from the transgression of any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.").

## FACTUAL ALLEGATIONS

34. On or around March 29, 2008, Plaintiff purchased a home in Fort Lauderdale, Florida through a $192,000 loan from Chase, secured by a mortgage on the property. While the original lender to the mortgage was Chase Bank, USA, N.A., the mortgage was later assigned to Chase, as successor to Chase Home Finance, LLC. Copies of the Plaintiff's Mortgage Agreement and Mortgage Note are enclosed as Exhibit "A" and Exhibit "B" respectively.

35. Plaintiff made continuous payments on his mortgage but fell behind sometime before April 30, 2015.

36. In a letter dated April 30, 2015, Phelan Hallinan informed Plaintiff that Chase "referred" his loan to it "for foreclosure." Phelan Hallinan advised Plaintiff that if he wished to avoid foreclosure, he must comply with Chase's requirements for reinstatement of his loan, which included compensation for past money due and other compensation associated with costs incurred in his default. This letter is enclosed as Exhibit "C".

37. On May 12, 2015, Phelan Hallinan sent Plaintiff a letter including a "Restatement Quote" requesting a "TOTAL ESTIMATED REINSTATMENT" amount of $8,370.56, which included an amount for estimated foreclosure fees and costs not actually incurred by Defendants. The "estimated" amounts were based on projected amounts due in the event Plaintiff did not actually pay before a certain future date. This letter is enclosed as Exhibit "D".

38. On August 26, 2015, Phelan Hallinan sent Plaintiff a letter including a "Restatement Quote" requesting a "TOTAL ESTIMATED REINSTATMENT" amount of

$13,964.11, which included an amount of estimated foreclosure fees and costs not actually incurred by Defendants.  One line item was listed as "***Estimated Court fees necessary to terminate foreclosure" and an amount due of $18.50.  The "estimated" amounts were based on projected amounts due in the event Plaintiff did not actually pay before a certain future date. This letter is enclosed as Exhibit "E".

39. On October 9, 2015, Phelan Hallinan sent Plaintiff a letter including a "Restatement Quote" requesting a "TOTAL ESTIMATED REINSTATMENT" amount of $14,519.42, which included an amount of estimated foreclosure fees and costs not actually incurred by Defendants.  One line item was listed as "***Estimated Court fees necessary to terminate foreclosure" and an amount due of $18.50.  The "estimated" amounts were based on projected amounts due in the event Plaintiff did not actually pay before a certain future date. This letter is enclosed as Exhibit "F".

40. On December 31, 2015, Phelan Hallinan sent Plaintiff a letter including a "Restatement Figure" requesting a "TOTAL" amount due of $18,883.45, which included an amount of estimated foreclosure fees and costs not actually incurred by Defendants.  One line item was listed as "***Pending Foreclosure Attorney Fees" which was an estimated amount and an amount due of $215.00.  The "Pending" attorneys' fees are estimated amounts stated separately from another line item of actually incurred "Foreclosure Attorney Fees" with an amount due of $4,145.00.  The "estimated" amounts were based on projected amounts due in the event Plaintiff did not actually pay before a certain future date. This letter is enclosed as Exhibit "G".

41. On the letters from Phelan Hallinan to Plaintiff dated May 12, 2015, August 26, 2015 and October 9, 2015, Phelan Hallinan stated that if the amount in the ""TOTAL

ESTIMATED REINSTATMENT" contained anticipated or estimated fees, the amount not actually incurred would be returned to Plaintiff.  However, Phelan Hallinan stated that any amount tendered less than the "TOTAL ESTIMATED REINSTATMENT" amount "the lender or servicer reserves the right to reject your payment." Each of the letters acknowledged that some portion of the reinstatement amount included estimated fees and costs.

42. In all Phelan Hallinan's letters to Plaintiff stated in all capital letters Phelan Hallinan was a "debt collector" "attempt[ing] to collect a debt."

43. Phelan Hallinan attempted to collect amounts on behalf of its principal, Chase.

44. Despite not actually owing these "estimated" amounts, since many of the fees had not actually been incurred, Chase, through Phelan Hallinan, nonetheless demanded the full amount projected as immediately due.

45. These demands were a direct breach of each of the following contract provisions, permitting *only* recovery of actually amounts due: (1) Paragraph 9 of the Mortgage Agreement (Exhibit A) permitted Chase recovery of "amounts *disbursed*" in protecting its interest and rights in the mortgage agreement (emphasis added); (2) Paragraph 14 of the Mortgage Agreement prohibited Chase from charging estimated fees, stating "[l]ender may not charge fees that are expressly prohibited in this Security Instrument or by Applicable Law"; (3) Paragraph 22 of Chase's Mortgage Agreement permitted Chase to collect "expenses *incurred* in pursuing" certain actions under the Paragraph which governed default, notice of default, actions to cure default, and reinstatement of loans (emphasis added); and (4) Paragraph 6(E) of Chase's Mortgage Note (Exhibit B) permitted Chase the "right to be *paid back* . . . for all of its costs and expenses in enforcing" the note, which included "reasonable attorneys' fees" (emphasis added).

46. Several times, Plaintiff tried to tender some amount to reinstate the loan, but was rejected by Defendants, who would only accept the total reinstatement amount, which included "estimated fees."

47. By charging "estimated fees" tacked on to the reinstatement amount, Defendants frustrated Plaintiff's ability to reinstate his loan.

48. In a remarkably similar case involving demands for "estimated" attorney's fees associated with loan reinstatement to avoid foreclosure, the Eleventh Circuit reversed the district court's grant of summary judgment on the FDCPA and FCCPA claims, opining, among other things, that the defendant had indeed falsely represented what the plaintiff owed and that no agreement expressly obligated the plaintiff to pay these "estimated" fees. *See Prescott v. Seterus, Inc.*, No. 15-10038, 2015 WL 7769235, at *2-6 (11th Cir. Dec. 3, 2015) ("[Defendant] violated the FDCPA and FCCPA by charging [Plaintiff] estimated attorney's fees that he had not agreed to pay in the security agreement.").

## CLASS ACTION ALLEGATIONS

**National Class 1**

49. Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of persons aggrieved by Phelan Hallinan's FDCPA violations (the "National Class 1"), subject to modification after discovery and case development:

> All persons in the United States to whom Phelan Hallinan, charged, collected, or attempted to collect "estimated" reinstatement of loan amounts during the applicable statute of limitations.

**National Class 2**

50.     Additionally, Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of persons aggrieved by Chase's breach of contract violations (the "National Class 2"), subject to modification after discovery and case development:

> All persons in the United States who entered into mortgage notes and/or agreements with Chase that did not authorize charging "estimated" fees, but to whom Chase nonetheless charged "estimated" fees associated with reinstatement of loans during the applicable statute of limitations.

**Florida Subclass 1**

51.     Additionally, Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of persons aggrieved by Defendants' FCCPA violations ( "Florida Subclass 1"), subject to modification after discovery and case development:

> All Florida residents to whom Defendants charged, collected, or attempted to collect "estimated" reinstatement of loan amounts during the applicable statute of limitations.

**Florida Subclass 2**

52.     Additionally, Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class of persons aggrieved by Defendants' FDUTPA violations ( "Florida Subclass 2"), subject to modification after discovery and case development:

> All Florida residents to whom Defendants charged, collected, or attempted to collect "estimated" reinstatement of loan amounts during the applicable statute of limitations.

53.     Class members are identifiable through Defendants' records and payment databases.

54. Excluded from the Classes are: (1) Defendants; (2) any entities in which Defendants have a controlling interest; (3) Defendants' agents and employees; (4) any Judge to whom this action is assigned; and (5) any member of such Judge's staff and immediate family.

55. Plaintiff proposes that he serve as class representative.

56. Plaintiff and the Classes have all been harmed by the actions of Defendants.

57. Numerosity is satisfied, as there are likely tens of thousands of class members. Individual joinder of these persons is impracticable.

58. There are questions of law and fact common to Plaintiff and to the Classes, including, but not limited to:

   a. Whether Phelan Hallinan violated the FDCPA by charging monies not due;

   b. Whether Defendants violated the FCCPA by charging monies not due;

   c. Whether Defendants violated general provisions of the FDUTPA by charging monies not due;

   d. Whether the violations of the FDCPA and/or FCCPA were per se violations of the FDUTPA;

   e. Whether Chase breached its mortgage agreement and/or note by charging fees not due.

   f. Whether Plaintiff and class members are entitled to actual or statutory damages as a result of Defendants' actions;

   g. Whether Plaintiff and the Classes are entitled to attorney's fees and costs; and

   h. Whether Defendants should be enjoined from engaging in such conduct in the future.

59. Plaintiff's claims are typical of the claims of the Classes.

60. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions.

61. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

62. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications concerning individual class members.

### COUNT I AS TO PHELAN HALLINAN'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT §§ 1692e, 1692f
**(National Class 1)**

63. Plaintiff incorporates by reference the prior paragraphs as if set forth fully herein.

64. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) when he purchased his home by mortgage in Fort Lauderdale, Florida.

65. Defendant Phelan Hallinan is a "debt collector" as defined by 15 U.S.C. § 1692a(6) when it attempted to collect a debt from Plaintiff for reinstatement of loans. In its debt collection letter to Plaintiff, Defendant disclosed in all capital letters that it was a debt collector. Specifically, Defendant is a third party debt collector on behalf of Plaintiff's mortgage with Chase.

66. Phelan Hallinan engaged in "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when it sent letters to Plaintiff demanding money due for reinstatement of his loan to avoid foreclosure.

67. Phelan Hallinan violated 15 U.S.C. § 1692e when it made false, deceptive, and misleading representations about the character and amount that Plaintiff owed to reinstate his loan to avoid foreclosure.

68. Phelan Hallinan violated 15 U.S.C. § 1692f when it charged "estimated" fees not owed, which was not expressly authorized by agreement.

69. As a result of Phelan Hallinan's FDCPA violations, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Phelan Hallinan's illegal billing practices.

### COUNT II AS TO CHASE'S BREACH OF CONTRACT
### (National Class 2)

70. Chase entered into a Mortgage Agreement and Note with Plaintiff whereby Chase loaned money to Plaintiff to purchase his property in exchange for certain payment over time, and in the event of default, a certain mechanism to avoid foreclosure.

71. Plaintiff's Mortgage Agreement and Note only authorized payment actually incurred amounts associated with the default and allowed under applicable law.

72. Chase breached the contract with Plaintiff when it charged him estimated amounts exceeding the amount actually incurred and not allowed under applicable law.

73. Plaintiff was harmed by Chase's breach.

### COUNT III AS TO PHELAN HALLINAN AND CHASE'S VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)
### (Florida Subclass 1)

74. Plaintiff incorporates by reference the prior paragraphs as if set forth fully herein.

75. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) when he purchased his home by mortgage.

76. Defendants are a "persons" as stated in the FCCPA.

77. Defendants attempted to enforce, claimed, and asserted a known non-existent legal right to a debt as defined by Fla. Stat. § 559.55(6) when Chase charged and Phelan Hallinan attempted to collect fees not owed. Id. § 559.72(9).

78. Defendants' acts of illegally attempting to collect a debt from Plaintiff and deliberately including the amount not owed into the total amount "required" for reinstatement constitutes a knowing violation of § 559.72(9) of the FCCPA.

79. As a result of Defendants' FCCPA violations, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Defendants' illegal billing practices.

### COUNT IV AS TO PHELAN HALLINAN AND CHASE'S VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT §§ 501.203(3), 501.204(1)
### (Florida Subclass 2)

80. Plaintiff incorporates by reference the prior paragraphs as if set forth fully herein.

81. Plaintiff is a "consumer" as defined by Fla. Stat. § 501.203(7).

82. Chase engaged in "trade or commerce" as defined by Id. § 501.203(8) when it advertised, offered, and provided the loan to purchase Plaintiff's property.

83. Phelan Hallinan engaged in "trade or commerce" as defined by Id. § 501.203(8) when it attempted to collect a debt for Chase for some compensation.

84. Defendants violated § 559.72(9) of the FCCPA when Phelan Hallinan attempted to collect, and Chase charged, an amount not owed.

85. A violation of Fla. Stat. § 559.72(9) of the FCCPA is a per se violation of FDUTPA under Fla. Stat. § 501.203(3).

86. In addition to the above-referenced per se FDUTPA violations, Defendants also generally violated FDUTPA under Fla. Stat. § 501.204(1) when they engaged in unfair and

deceptive practices in trade or commerce by taking advantage of consumers in claiming and collecting debts for amounts not owed.

87. As a result of Defendants' FDUTPA violations, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Defendants' unlawful billing practices.

## JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES

88. Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

89. Plaintiff reserves the right to amend his Complaint and add a claim for punitive damages.

## RELIEF REQUESTED

WHEREFORE. Plaintiff, himself and on behalf of the Classes, respectfully requests this Court to enter judgment against Defendants for all of the following:

a. That Plaintiff and all class members be awarded actual damages, including but not limited to forgiveness of all amounts not owed;

b. That Plaintiff and all class members be awarded statutory damages;

c. That Plaintiff and all class members be awarded costs and attorney's fees;

d. That the Court enter a judgment permanently enjoining Defendants from charging and/or collecting debt in violation of the FDCPA and FCCPA;

e. That, should the Court permit Defendants to continue charging and/or collecting debt, it enter a judgment requiring them to adopt measures to ensure FDCPA and FCCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that Defendants comply with those measures;

f. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendants' compliance with the FDCPA and FCCPA;

g. That the Court enter an order that Defendants and their agents, or anyone acting on their behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

h. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure; and

i. Such other and further relief as the Court may deem just and proper.

Dated: January 20, 2016                                    Respectfully Submitted,

/s/ *James L. Kauffman*
James L. Kauffman (Fla. Bar. No. 12915)
1054 31st Street, Suite 230
Washington, DC 20007
Telephone:  (202) 463-2101
Facsimile:  (202) 342-2103
Email: jkauffman@baileyglasser.com

J. Dennis Card, Jr., (Fla. Bar. No. 0487473)
Darren Newhart, (Fla. Bar No. 0115546)
Hicks Motto & Ehrlich, P.A.
3399 PGA Boulevard, Suite 300
Palm Beach Gardens, FL 33410
Telephone: (561) 687-1717
Facsimile: (561) 697-3852
Email: dcard@hmelawfirm.com

Christopher Legg, Esq. (Fla. Bar. No. 44460)
Christopher W. Legg, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
Telephone: (954) 235-3706
Facsimile: (954) 927-2451
Email: ChrisLeggLaw@gmail.com

*Counsel for Plaintiff and the Putative Class*