UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60125-CIV-COHN/SELTZER

MICHAEL SHORE, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A. d/b/a/
CHASE, and PHELAN HALLINAN
DIAMOND & JONES, PLLC,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

**THIS CAUSE** is before the Court upon Plaintiff's Unopposed Motion ("Motion") for Preliminary Approval of Class Action Settlement, including the Parties' Stipulation and Settlement Agreement (the "Settlement Agreement") and all Exhibits thereto [DE 46]. The Court has reviewed these submissions, the record in this case, and is otherwise advised in the premises. The Court **GRANTS** the Motion and adopts the parties' Proposed Order with two significant modifications.

First, the Court excises Paragraph 15 of the Proposed Order [DE 46-1 at 9]. This paragraph entered a preliminary injunction prohibiting class members from suing upon the settled claims. The Court will instead allow ordinary principles of settlement and release to ensure class members do not bring further suit. Second, the Court excises Paragraph 16. This paragraph constitutes an advisory opinion that the Court

1

lacks power to make.

The Court will hear argument on whether these two paragraphs should be included in any final order approving class settlement at the fairness hearing ("Final Approval Hearing") set in this Order.  Finally, the Court has ordered the parties to file any objections to the proposed settlement two weeks prior to the Final Approval Hearing, rather than the day of.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. **Settlement**.  Plaintiff Michael Shore, Defendant JPMorgan Chase Bank, N.A. ("Chase"), and Defendant Phelan Hallinan Diamond & Jones, PLLC ("Phelan") (collectively, the "Settling Parties"), have negotiated a potential settlement of this action (the "Action" or the "Litigation") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement, including all claims which have been or could be asserted by Plaintiff and/or other members of the Settlement Class in the Action against Chase, Phelan, and all of their respective past and present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, agents, and affiliated companies.

2. **Review.**  The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter.  The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. **Preliminary Approval**.  The Settlement Agreement entered into by and among Plaintiff, Chase, and Phelan has been negotiated at arm's length and

is approved on a preliminary basis as fair, reasonable, and adequate.

    4.    **Settlement Class Relief**. The proposed Settlement Class Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of all individuals who, on or after December 3, 2013: (a) was a borrower on a home loan that was secured by a mortgage or deed of trust on property located within Alabama, Florida, or Georgia; and (b) was sent a reinstatement quote letter from Chase, Phelan, or any other entity acting on behalf of Chase or Phelan. Excluded from the Settlement Class are any: (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) all borrowers who file a timely and proper request to be excluded from the Settlement Class in accordance with Section 13 of the Settlement Agreement.

    5.    **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

    (a)    The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

    (b)    The Settlement Class is so numerous that joinder of all members is impracticable;

    (c)    There are questions of law or fact common to the

members of the Settlement Class;

(d) The claims of Plaintiff are typical of the claims of the other members of the Settlement Class;

(e) Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable;

(h) Resolution of the claims in this Litigation by way of Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. **Designation of Class Representatives**. Plaintiff Michael Shore is designated as a representative of the Settlement Class for the sole purpose of seeking a settlement of the Litigation.

7. **Designation of Class Counsel**. Attorneys Jonathan R. Marshall and James L. Kauffman of Bailey & Glasser, LLP; Darren Newhart and J. Dennis Card Jr, of the Consumer Law Group, P.A.; and Christopher W. Legg of Christopher W. Legg, P.A. are hereby designated as Class Counsel for the Settlement Class.

8. **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at **9:00 a.m. on January 9, 2017**, in Fort Lauderdale, FL before the Honorable James I. Cohn, to determine, among other things: (i) whether the Settlement of the Litigation should be approved as fair,

reasonable, and adequate; (ii) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out, from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and for a Case Contribution Award to Plaintiff, should be approved.

9. **Class Notice**.

(a) The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 7 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all

5

persons entitled to receive notice, and meet the requirements of due process.

    (b) The Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.

    (c) No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website"), which shall contain copies of the Complaint, the Settlement Agreement and Exhibits, the Mail Notice, and other documents about the Lawsuit. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as ShoreSettlementInfo.com. The Settlement Website shall remain open and accessible through the expiration period of all issued and re-issued Settlement checks. The Settlement Website also shall prominently display contact information for Class Counsel and shall direct all questions about the Class Settlement to Class Counsel.

    (d) No later than 7 days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing the Settlement Website.

  10. **Administrator**. The Court authorizes and directs the Parties to retain a Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to: (i) mail the Mail Notice; (ii) establish the Settlement Website; (iii) administer the Settlement Fund and provide settlement relief to Settlement Class Members; and (iv) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to Class Counsel (or the Settlement Administrator), by first-class mail, postage prepaid, to the address provided in the Class Notice. Any such Request for Exclusion must be postmarked no later than **November 8, 2016**, which is forty-five (45) days after the Class Notice Date.

(a) To be valid, the Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the address of the property securing the loan for which the Settlement Class Member received the reinstatement quote letter; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Shore v. JP Morgan Chase Bank, N.A. d/b/a Chase & Phelan Hallinan Diamond & Jones, PLLC*, No. 16-cv-60125-JIC."

(b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c) Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be

deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 12 of the Settlement Agreement.

(d)   If the proposed Settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Chase or Phelan relating to any of the Released Claims.

12.   **Objections and Appearances**.  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense.  Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel, Chase Defense Counsel, and Phelan Defense Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement.  The written statement of objection must be postmarked no later than **November 8, 2016**, which is forty-five (45) days after the Class Notice Date.

**For Plaintiff And Settlement Class**

James L. Kauffman
Bailey & Glasser, LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone:  (202) 463-2101
Facsimile:  (202) 342-2103
Email:  jkauffman@baileyglasser.com

**For Chase**

Robert M. Brochin
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone:  (305) 415-3000
Facsimile: (305) 415-3001
Email:  ccarlton@morganlewis.com

**For Phelan**

Wendy J. Stein
Keller Landsberg
Broward Financial Center
500 East Broward Boulevard, Suite 1400 Fort Lauderdale, FL 33394
Telephone:  (954) 761-3550
Facsimile:  (954) 525-2134
Email:  wendy.stein@kellerlandsberg.com

(a)   The requirements to assert a valid written objection shall be set forth in the Class Notice, and shall include: (a) the case name and number; (b) the name, address, telephone number of the person objecting and, if represented by counsel, of his/her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (e) the address of the property securing the loan for which he/she received the reinstatement quote letter.

(b) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Class Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c) Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice Of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline (as identified in Paragraph 12 above); and (b) serves the Notice Of Intention To Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention To Appear in accordance with the deadlines and other

specifications set forth in the Agreement, the Class Notice, and this Order will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 12 of the Settlement Agreement.

14. **Attorneys' Fees and Expenses, and Case Contribution Awards**. Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed one-third (1/3) of the total monetary benefit paid to the Settlement Class Members. Defendants also agree not to oppose the application for a total Case Contribution Award of $10,000 for Plaintiff Michael Shore for his work and assistance in this Action.

15. **Service of Papers.** Chase's Counsel, Phelan's Counsel, and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Chase's Counsel, Phelan's Counsel, and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court **fourteen days before the date of the Final Approval Hearing**.

16. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be

11

restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

17. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Chase or Phelan of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

18. **Necessary Steps**. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of August, 2016.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies to counsel of record via CM/ECF.