**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

MICHAEL SHORE, on behalf of
himself and others similarly situated,

Plaintiff,

v.

Case No. 16-cv-60125-JIC

JPMORGAN CHASE BANK, N.A. d/b/a/
CHASE, and PHELAN HALLINAN
DIAMOND & JONES, PLLC,

Defendants.
_____/

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD
AND INTEGRATED MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS

I. The Court Should Award the Request Attorneys' Fees and Costs……………………2

    A. Eleventh Circuit Law Provides for an Attorneys Fee Ward of a Percentage of the Recovery Obtained for the Class…………………………………………...2

    B. The Requested Attorney Fees is within the Range Routinely Awarded in the Eleventh Circuit…………………………………………………………………...3

    C. The Requested Attorney Fee is Reasonable under the *Johnson* Factors.…………5

II. A Service Award of $10,000 is Appropriate………………………………………...10

III. Conclusion…………………………………………………………………………...11

# TABLE OF AUTHORITIES

                                                                                           **Page(s)**

**Cases**

*Allapattah Servs., Inc. v. Exxon Corp.*,
    454 F. Supp. 2d 1185 (S.D. Fla. 2006) ................................................................................3, 10

*Behrens v. Wometco Enters., Inc.*,
    118 F.R.D. 534 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ....................................10

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ..................................................................................................................2

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
    946 F.2d 768 (11th Cir. 1991) .........................................................................................2, 3, 5

*In re Checking Account Overdraft Litig.*,
    830 F. Supp. 2d 1330 (S.D. Fla. 2011) ............................................................................2, 4, 8

*Gevaerts v. TD Bank*,
    No. 14-20744, 2015 WL 6751061 ...............................................................................3, 10, 11

*Gutter v. E.I. Dupont De Nemours & Co.*,
    No. 95-2152 (S.D. Fla. May 30, 2003) .....................................................................................4

*In re: Managed Care Litig. v. Aetna*,
    MDL No. 1334, 2003 WL 22850070 (S.D. Fla Oct. 24, 2003) .................................................4

*Pinto v. Princess Cruise Lines, Ltd.*,
    513 F. Supp. 2d 1334 ..........................................................................................................4, 10

*Poertner v. Gillette Co.*,
    No. 14-13882, 2015 WL 4310896 (11th Cir. July 16, 2015) (per curiam) ...............................2

*Ressler v. Jacobson*,
    149 F.R.D. 651 (M.D. Fla. 1992) .............................................................................................8

*Saccoccio v. JP Morgan Chase Bank, N.A.*,
    297 F.R.D. 683 (S.D. Fla. 2014) ..........................................................................................2, 3

*In re Sunbeam Sec. Litig.*,
    176 F. Supp. 2d 1323 (S.D. Fla. 2001) .....................................................................................8

*Waters v. Int'l Precious Metals Corp.*,
    190 F.3d 1291 (11th Cir. 1999) .......................................................................................2, 3, 4

**Other Authorities**

Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlement and Their Fee Awards* ................................................................................................................................. 3

Plaintiff Michael Shore ("Plaintiff") and Class Counsel have achieved an excellent result for the Settlement Class. Defendants J.P. Morgan Chase Bank, N.A. ("Chase") and Phelan Hallinan Diamond & Jones, PLLC ("Phelan") (collectively, "Defendants") agreed that they will not object to an attorneys' fee award of one-third of the total Settlement[1], plus reimbursement of reasonable expenses. Class Counsel seeks an award of $133,333.00 in attorneys' fees (1/3rd of the $400,000 settlement fund) and $7,400.00 in reimbursement of expenses paid by Class Counsel on behalf of the Class, which is less than 2% of the Settlement Fund. The total amount of fees and costs requested, $140,733.00, is thirty-five percent (35.18%) of the Settlement Fund. The requested fees and costs are aligned with courts in the Eleventh Circuit considering the percentages to be awarded Class Counsel. Defendants further agreed not to object to a service award for Plaintiff Michael Shore of $10,000.

Granting Plaintiff's motion will fairly compensate Class Counsel for their diligent and successful work prior to filing of the complaint and throughout the pre-trial and settlement phases of this litigation, as well as their modest expenses incurred on behalf of the Class.  For these reasons, Plaintiff respectfully requests that the Court:

1. Award Class Counsel a fee of $133,333.00 (one-third (33.33%) of the $400,000 settlement fund);

2. Award Class Counsel reimbursement of expenses of $7,400.00;

3. Award Michael Shore a service award in the amount of $10,000.00 in recognition of his service to the Class, to be paid from the settlement fund.

In addition, Plaintiff relies on *Plaintiff's Motion for Final Approval of Class Settlement* and the Exhibits thereto, filed concurrently with this motion. Notably, no Settlement Class Member has

---

[1] All capitalized terms have the same meaning as stated in the Parties Settlement Agreement.

objected to the award of fees, costs, or service award. For the reasons set forth more particularly below, Plaintiff respectfully requests that the Court grant his Motion.

### I. The Court Should Award the Requested Attorneys' Fees and Costs

#### A. Eleventh Circuit Law Provides for an Attorneys' Fee Award of a Percentage of the Recovery Obtained for the Class.

It is well settled that Class Counsel is entitled to an attorneys' fee for the benefit obtained in a class settlement. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980); *Saccoccio v. JP Morgan Chase Bank, N.A.,* 297 F.R.D. 683, 694 (S.D. Fla. 2014). Further, a settlement with ascertainable benefits may be treated as a common fund from which a percentage fee may be awarded. *Poertner v. Gillette Co.,* No. 14-13882, 2015 WL 4310896, at *4 (11th Cir. July 16, 2015) (per curiam) (finding value of nonmonetary relief and cy pres award to be part of the "settlement pie" from which percentage of fund for fee award was calculated).

It is further established in the Eleventh Circuit that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case," and therefore, "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772-775 (11th Cir. 1991) ("*Camden I*"); *see also Saccoccio,* 297 F.R.D. at 694. Moreover, in the Eleventh Circuit, "the lodestar approach should not be imposed through the back door via a 'cross-check.'" *Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 (S.D. Fla. 2011) (citing, inter alia, Alba Conte, ATTORNEY FEE AWARDS § 2.7, at 91 n. 41 ("The Eleventh ... Circuit[ ] repudiated the use of the lodestar method in common-fund cases")).

The fees in a class action may be determined based upon the total fund available to the class, not just the actual payout to the class. *Waters v. Int'l Precious Metals Corp.,* 190 F.3d

1291, 1295-96 (11th Cir. 1999) (affirming fee award when actual dollars paid out to class members turned out to be "substantially less" than the total fund generated for the settlement); *see also Saccoccio,* 297 F.R.D. at 695. The total fund in this case made available to the class is at least $400,000.00 with additional reimbursement that may be paid after Chase completes its audit of class members' loans.

    B. <u>The Requested Attorney Fees is within the Range Routinely Awarded in the Eleventh Circuit.</u>

        i. *Eleventh Circuit and nationwide case law provide that 33.3% is an appropriate percentage of the fund to be used when determining the attorneys' fees.*

In a study of all class action settlements approved by federal judges in 2006 and 2007, a total of 668 reported and unreported decision, the author found that (i) fee awards ranging from 30% to 35% of the recovery constitute the most common category, and (ii) in the vast majority of cases, fee awards equaled or exceeded 25%.  Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlement and Their Fee Awards,* 7 JOURNAL OF EMPIRICAL LEGAL STUDIES 811 (2010).

In the Eleventh Circuit, the typical common fund fee awarded is between 20% and 30% of the fund, and a 25% "bench mark" which "may be adjusted in accordance with the individual circumstances of each case," is often used. *Camden I,* 946 F.2d at 775. However, "federal district courts across the country have, in the class action settlement context, routinely awarded class counsel fees in excess of the 25% 'benchmark,' even in so-called 'mega-fund' cases." *Allapattah Servs., Inc. v. Exxon Corp.,* 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006) (listing examples of fees ranging from 25.4% to 35.1% of multimillion dollar recoveries and finding the appropriate percentage in that case was 31 and 1/3 percent); *see also Waters,* 190 F.3d 1291 (affirming award of 33 1/3 percent of fund); *Gevaerts v. TD Bank,* No. 14-20744, 2015 WL 6751061 (S.D.

Fla. Nov. 5, 2015) (awarding counsel 30% of $20 million settlement fund); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1358-1359 (S.D. Fla. 2011) (awarding 30% of the recovery net of expenses as fees); *Pinto v. Princess Cruise Lines, Ltd.,* 513 F. Supp. 2d 1334 (S.D. Fla. 2007) (attorney fee award of 30% was reasonable); *In re: Terazosin Hydrochloride Antitrust Litigation*, 99-1317 (S.D. Fla. Apr 19, 2005) (Seitz, J.) (awarding fees of 33 1/3 % of settlement of over $30 million); *In re: Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (awarding fees and costs of 35.5% of settlement of $100 million); *Gutter v. E.I. Dupont De Nemours & Co*., No. 95-2152 (S.D. Fla. May 30, 2003) (awarding fees of 33 1/3 % of settlement of $77.5 million).

The attorney's fees requested constitute 33 1/3% of the total $400,000.00 settlement fund established by Defendants.  Considering that Chase has agreed to audit class members' loans and reimburse class members for any estimated fees or costs paid, this percentage is less than one-third of the total benefit provided to the class. Thus, the requested fee is reasonable and within the guidelines set by the Eleventh Circuit.

    ii.    *Class Counsel's request to be reimbursed $7,400 in expenses advanced for the class is reasonable and appropriate.*

Class Counsel is required "to establish that the costs [to be reimbursed] are reasonable and necessary ... to the prosecution of the case." *Waters*, 190 F.3d at 1298.  Further, "[u]pon submission of adequate documentation, plaintiffs' attorneys are entitled to reimbursement of those reasonable and necessary out-of-pocket expenses incurred in the course of activities that benefitted the class." *In re "Agent Orange" Prod. Liab. Litig.*, 611 F.Supp. 1296, 1314 (E.D.N.Y.1985), *modified on other grounds*, 818 F.2d 226 (2d Cir.1987).  Adequate documentation includes declarations regarding the categories of expenses demonstrating the reasonableness of expenses incurred. *See Waters*, 190 F.3d at 1298.

In the prosecution of this matter, Class Counsel incurred over $7,400.00 in out-of-pocket expenses incurred for the benefit of the class. (Exhibit A, Kauffman Decl. at ¶ 2). The Declaration of James Kauffman identifies the categories of expenses incurred. (*Id.* at ¶ 3). The vast majority of these expenses were incurred attendant to the mediation that productively yielded settlement on behalf of the class. (*Id.*). Class Counsel also incurred costs for legal research, copying, and Pacer fees, but those expenses are not sought to be reimbursed by Class Counsel. (*Id.*). The requested expenses were necessarily incurred by Class Counsel in the course of activities benefiting the Class, and they should be reimbursed.

C. The Requested Attorney Fee is Reasonable under the *Johnson* Factors.

Although the Eleventh Circuit is clear that the percentage of the fund approach is to be used in awarding fees in class settlement cases, it further advises that "the *Johnson* factors continue to be appropriately used in evaluating, setting, and reviewing percentage fee awards in common fund cases." *Camden I,* 946 F.2d at 775. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases. *Id.* at n.3 (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974)). Application of the relevant *Johnson* factors confirms that Plaintiff's fee request is reasonable.[2]

---

[2] The professional relationship and time limitations imposed by the client or circumstances

      *i.*      *The time, labor and skill required*

The excellent result achieved for the Class only came about because of Class Counsel's diligent efforts. As set forth in the accompanying Declaration of James Kauffman, Class Counsel and their staff conducted a thorough pre-suit investigation related to Plaintiff's claims and the certification of the proposed class. In the initial investigation, Class Counsel travelled to Florida and reviewed Plaintiff's loan files to identify the issues with his claims. Class Counsel carefully drafted the Plaintiff's Complaint and prepared and served extensive Interrogatories, Requests for Production, and Requests for Admissions upon both Chase and Phelan. Class Counsel noticed depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) with extensive areas of inquiry for the corporate representatives of both Chase and Phelan.

Both Chase and Phelan filed extensive motions to dismiss that involved a number of complex legal issues. *See Plaintiff's Motion for Final Approval of Class Settlement* at 7-8. Class Counsel researched these complex legal issues and responded to both Chase and Phelan's arguments to oppose their motions to dismiss. These motions remained pending while Plaintiff agreed to mediate the dispute with Chase and Phelan.

A significant amount of time was expended by Class Counsel in the preparation necessary for a successful mediation process. Class Counsel prepared a mediation brief and held several pre-mediation conference calls with the mediator, Rodney Max. Defendants also participated in several pre-mediation calls with Mr. Max, which allowed the parties to discuss the issues of the case through their mediator. Class Counsel traveled to Florida and attended an all-day mediation where a settlement in principal was reached with all parties.

---

factors are not particularly applicable to these circumstances.

In the months after the parties successfully mediated the case, Class Counsel had additional negotiations with the Defendants through Mr. Max.  Class Counsel spent numerous additional hours negotiating the specific terms of the parties' Settlement Agreement and the plan for notice to be given to Settlement Class Members.  Also, Class Counsel spent considerable time drafting and editing the Settlement Agreement as the negotiations progressed.  When the Settlement Agreement was finally reached, Class Counsel prepared the Motion for Preliminary Approval of Settlement as well as the Proposed Order Granting Preliminary Approval of Settlement (as well as a Final Order and Judgment).

In recent months, Class Counsel has spent time responding to inquiries from class members about the Settlement and has prepared a response to the lone objection filed.  Class Counsel has also diligently worked with the Claims Administrator on the details of the notice to the class and on the administration of the class notice website.

All of these efforts were necessary to achieve the results and were possible because of Class Counsel's wide ranging skill and experience.  Both Mr. Kauffman and Mr. Marshall concentrate their practices in class actions and consumer fraud cases, and have extensive experience in litigating complex class actions, which they brought to bear on this case. (Exhibit A, Kauffman Decl. at ¶¶ 9-11). Similarly, Mr. Card, Mr. Legg, and Mr. Newhart were actively involved in the case and contributed their specific expertise developed through combined decades of debt collection litigation experience. (*Id.* at ¶¶ 12-13).

  ii.  *The difficulty of the issues and undesirability of the case*

Class Counsel's work in this case involved numerous complex legal issues.  Class Counsel researched and briefed an omnibus opposition to both Defendants' motions to dismiss that challenged all four of Plaintiff's claims. (*See* memoranda of law at ECF No. 28).  Some of

the legal arguments addressed in the opposition are outlined in *Plaintiff's Motion for Final Approval of Class Settlement* at 7-8, and include multiple nuanced arguments. And with respect to class certification, Class Counsel faced substantial challenges on nearly every Rule 23 requirement. These challenges did not necessarily make this matter less desirable for Class Counsel, who regularly practice in complex debt collection and mortgage-related litigation, but they required a level of sophistication to properly address Defendants' arguments.

      *iii.*      *The contingent nature of the fee and preclusion of other work by Class Counsel*

Class Counsel represented Plaintiff and the class on a purely contingent basis and spent time on this case which could have been spent litigating other matters, which factors also weigh in favor of awarding the requested fee. *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1335 (S.D. Fla. 2001) ("A contingency fee arrangement often justifies an increase in the award of attorney's fees.") (quoting *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990)); *In re Checking Account Overdraft Litig.,* 830 F.Supp. 2d at 1364-65 (same); *Terazosin, supra* at ¶ 21 (recognizing that contingency representation meant that counsel had worked without compensation and that this justified an award of more than 25% of the fund); *Ressler v. Jacobson,* 149 F.R.D. 651, 656 (M.D. Fla. 1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Relatedly, Class Counsel undertook this representation understanding the risk of receiving no compensation whatsoever, a factor which should not be ignored. *See Ressler,* 149 F.R.D. at 656 (noting this risk and stating that, "[i]n evaluating [the contingency] factor the Court will not ignore the pecuniary loss suffered by plaintiff's counsel in other actions where counsel receive little or no fee."). Class Counsel indeed undertook this representation at a significant risk,

8

and all of their work and expenses could have been for naught had Plaintiff lost this case at some juncture – either at the pleading stage, class certification, dispositive motions, or on appeal. There were many opportunities for this case to flounder, and Class Counsel's willingness and ability to bear those risks weigh in favor of the requested award.

     *iv.*    *The requested fee reflects the market rate in comparable complex class actions*

Plaintiff is requesting a fee of $133,333.00, which represents **33.3% of the $400,000.00 recovery**. As described above in Section B, this range of potential percentages is within the market rate of recoveries in comparable complex class actions.

     *v.*    *The result gives class members complete monetary relief and no class member objected to the fee, expense reimbursement, or service awards requested*

The settlement reached in this case is excellent. As the Court has observed, Plaintiff and his team of lawyers negotiated a settlement that will provide significant relief to the class. Class members will each receive approximately $43.00 simply because the Defendants mailed them a letter that Plaintiff alleged made an improper demand of estimated fees or costs. Not only that, but class members who did not already have their loan files audited by Chase will have an audit performed by Chase, and any estimated fees or costs collected will be refunded. Every class member will get paid 100% of their monetary damages, plus approximately $43.00 for receiving what Plaintiff contends was an inadequate reinstatement letter. These benefits will be paid to class members without any further action to be taken by the class members.

Additionally, there is prospective value to class members from this settlement, as both Defendants have agreed to refrain from demanding estimated fees or costs in future reinstatement letters. Should class members who continue to be Chase borrowers fall into default on their mortgage (or have a mortgage that falls into default where Phelan sends a reinstatement on behalf of another mortgagee), they will be required to pay less to reinstate their

9

loans absent this settlement because there will be no demand of any estimated fees or costs. The exceptional and complete monetary benefit to the class supports the fee requested. *See Behrens*, 118 F.R.D. at 547–48 ("The quality of work performed in a case that settles before trial is best measured by the benefit obtained.").

Further attesting to the strength of the settlement, there was only one objection and four opt-outs. The sole objection does not mention the attorneys' fees, expenses or service awards. These five individuals represent less than 0.01% of the 5,155 Settlement Class Members. That the class has asserted so few objections supports the fee request. *See Pinto,* 513 F. Supp. 2d at 1343 ("A small number of objections indicates the support of the Class.")

## II. A Service Award of $10,000 is Appropriate

Plaintiff further requests a service award for his work in the amount of $10,000. Defendants have agreed that they will not object to such an award so long as it does not exceed this amount.

Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah Servs. Inc.,* 454 F. Supp. 2d at 1218. Accordingly, "there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action." *David v. Am. Suzuki Motor Corp*., 2010 WL 1628362, at *6. As Judge Rosenberg of this Court recently recognized, "[c]ourts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class representatives." *Gevaerts, supra*, 2015 WL 6751061, at *9 (approving requested service awards of $10,000).

The factors for determining a service award include: (1) the actions the class representatives took to protect the interests of the class; (2) the degree to which the class

10

benefited from those actions; and (3) the amount of time and effort the class representatives expended in pursuing the litigation. *Id.* at *9 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Applying these factors, the requested award of $10,000 is reasonable. First, Plaintiff has taken significant affirmative actions to protect the interests of the class. He has been an active and indispensable part of the litigation, and has made himself available to counsel as needed. Second, the excellent settlement achieved demonstrates that the class has benefited from the involvement of this committed class representative. Third, Plaintiff was actively involved in the mediation process and attended the all-day mediation to protect the class's interests.

For these reasons, Plaintiff's efforts and contributions to the success of this action should be compensated by an award of $10,000. *See Terazosin, supra* at ¶ 27 (awarding class representatives $75,000 in total for their service to the class).

### III.   Conclusion

Plaintiff's motion for attorneys' fees of $133,333.00, reimbursed expenses of $7,400, and a service award for Plaintiff of $10,000 is supported by well-settled Eleventh Circuit law requiring an award of a percentage of the class settlement fund, as well as the *Johnson* factors. For all the foregoing reasons, Plaintiff's motion should be granted.

Dated: December 23, 2016                                   Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ James L. Kauffman*
　　　　　　　　　　　　　　　　　　　　　　　　　　James L. Kauffman (Fla. Bar No. 12915)
　　　　　　　　　　　　　　　　　　　　　　　　　　Jonathan R. Marshall (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　　　BAILEY & GLASSER, LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　1054 31st Street, Suite 230
　　　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20007
　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 463-2101
　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 342-2103
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: jkauffman@baileyglasser.com

J. Dennis Card, Jr., (Fla. Bar No. 0487473)
Darren Newhart (Fla. Bar No. 0115546)
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 692-6013
Facsimile: (305) 574-0132
Email: DCard@Consumerlaworg.com

Christopher Legg (Fla. Bar No. 44460)
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
Telephone: (954) 235-3706
Facsimile: (954) 927-2451
Email: ChrisLeggLaw@gmail.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. I further certify that copies of the foregoing were served by Federal Express to:

Jessie Stinson
1530 Azalea Drive
Dayton, Ohio 45417

*/s/ James L. Kauffman*
James L. Kauffman